**Christopher B. PROPERT, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**Civ. A. No. 89–2389 (HHG).**

United States District Court, District of Columbia.

July 27, 1990.

See also, 741 F.Supp. 959.

J. Gordon Forester, Jr., David P. Blackwood, Greenstein Delorme & Luchs, P.C., Washington, D.C., for plaintiff.

Herbert O. Reid, Sr., Corp. Counsel, D.C., Martin L. Grossman, Deputy Corp. Counsel, D.C., Melvin W. Bolden, Jr., Chief, Sp. Litigation Section, Earnest Franklin, Jr., Asst. Corp. Counsel, D.C., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

The issue before the Court is whether the District of Columbia provides the owners of junk automobiles with sufficient notice prior to seizing and destroying the cars. The plaintiff whose car was seized and destroyed as junk asserts that the District's failure to provide for a formal notice and hearing violates the Due Process Clause. The Court disagrees.

I

On April 26, 1988, the District's Department of Public Works received a complaint that a 1969 Volkswagen Karmann Ghia with two flat tires had been parked in front of 508 Seward Square, S.E., for two months. On May 1, 1988, Officer James Stohlburg visited the car, concluded that it was a junk vehicle, and placed a bright orange sticker on the front windshield warning that if not moved, the car would be towed and destroyed. On May 11, ten days later, Stohlburg returned and placed a bright yellow sticker on the windshield warning that unless the car was moved, it would be destroyed. On May 12, 1988, the car was towed to a junk yard and destroyed.

The warning stickers were attached to the windshield with an adhesive and could only be removed by vigorous and continued scraping with a sharp object. These stickers also provided the telephone number and hours of the District's Abandoned Vehicle Office.

Although the District does not provide for a formal hearing, owners need to do no

more than to move their cars to avoid being towed.[1] There was uncontradicted testimony by two police officers involved in the District's towing program that a vehicle owner may readily and easily obtain extensions of deadline for moving the vehicle by telephoning the police officer in charge of the case. The District routinely grants extension for reasons ranging from sickness to vacations.

There was additional undisputed testimony that the officers assigned to towing program make considerable and extensive efforts to locate owners of abandoned vehicles. The efforts include identification of the owner through the Police Department computers, telephoning the owner at home, and even canvassing the neighborhood where the car is located in a further effort to locate the owner.

## II

*Matthews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), established a cost-benefit test for determining whether the Due Process Clause requires a particular type of notice and hearing. *Id.* at 335, 96 S.Ct. at 903. The test balances the value of the property interest at stake, the extent to which the proposed procedures would decrease the probability of an erroneous determination, and the cost of the procedure. *Id.*

Before turning to the plaintiff's argument, it is useful to discuss the steps generally taken, as well as those that were applied in this specific case. When a car is reported abandoned, an officer determines how long it has been there and whether it can be driven. The car will be categorized as "junk" if it is obviously inoperable (*e.g.,* rust-eaten body, tires missing), and has

been parked in the same spot for a number of weeks.[2] After making the determination that a particular car is junk, the officer attaches a fluorescent sticker to the windshield warning that the car will be seized and destroyed if not moved. If the car is not moved within a reasonable time, the officer places a second fluorescent sticker on the windshield warning that destruction of the car is imminent. Usually within a few days, the car is towed to a junk yard and destroyed.[3]

In the instant case, plaintiff left his automobile in the same place on the public streets of the District of Columbia[4] for a period of two months—twenty times the period authorized by the regulations. Even at that, he received a large measure of notice before his car was destroyed. A fluorescent warning sticker was glued to the windshield of his car on May 1. Ten days later, a second and final warning sticker was glued to the windshield of the car. The stickers are brightly colored and difficult to miss. Both warned that plaintiff's car would be towed and destroyed if not moved; the second stated that towing was imminent.

Plaintiff asserts that under the Due Process Clause, the District of Columbia is required additionally to send him a letter notifying him that his automobile is about to be towed and destroyed and of his right to a formal hearing. While criticizing the District's current practices, plaintiff fails to offer any convincing explanation of why his proposal procedures would represent a significant improvement. He asserts, for example, that a warning sticker on the windshield will not notify vehicle owners in a hospital or on vacation or otherwise out

---

**1.** That condition is mandated by a District regulation prohibiting cars from being parked in one place on public property for more than 72 hours. D.C.Mun.Reg. Tit. 18, § 1105.1, 1105.4. If the car is moved, it is no longer deemed abandoned or junk and will not be towed.

**2.** The District draws a distinction between "junk" and "abandoned" vehicles. Junk vehicles are abandoned vehicles that can no longer be operated. D.C.Mun.Regs. Title 18, § 1105.1(b).

**3.** To appreciate the magnitude of the problem, the evidence before the Court indicated that some one thousand automobiles must be towed to an open facility in Blue Plains every month. With respect to most of these cars, no claim to ownership is ever made.

**4.** The automobile was parked the entire time in front of 508 Seward Square, S.E., Washington, D.C.

of town.[5] The same may, of course, be said of the letters that plaintiff advocates.

Plaintiff next maintains that the first warning sticker glued to his car's windshield was mysteriously removed, and that he therefore lacked notice. The Court is skeptical of this account even though there is no direct evidence to the contrary. Once attached, these stickers can only be removed by vigorous scraping with a sharp object; it is difficult to imagine why anyone not associated with the owner would go to so much trouble. The possibility of such an occurrence is too remote to weigh decisively against the current method of notice. Mail, in any event, can also be tampered with.

Finally, plaintiff asserts that the Due Process Clause requires the District to provide a formal hearing before seizing and destroying the automobile. However—and the Court regards this as decisive—a hearing would accomplish little in these unusual circumstances. The owner may avoid seizure of the vehicle even without a hearing by the simple expedient of moving it. Thus, the only possible benefit of a hearing would be to give the owner additional time to move his car. That, however, could be more easily achieved with a telephone call to the officer in charge of the case. The short of it is that plaintiff's plan for a formal hearing would substitute a bureaucratic alternative for perfectly adequate informal system without any appreciable benefit to anyone. Due process does not mandate such a result, and the claim must be dismissed.

Plaintiff's remaining claims are grounded in state law. This Court lacks jurisdiction over them since plaintiff and defendant are non-diverse.

Accordingly, it is this 26th day of July, 1990

ORDERED that the complaint be and it is hereby dismissed.

---

5. There is no claim that plaintiff was in a hospital or out of town for over two months.